People v Serrano (2019 NY Slip Op 07337)





People v Serrano


2019 NY Slip Op 07337


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10046 3947/13

[*1] The People of the State of New York, Respondent,
v Raul Serrano, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Harold V. Ferguson, Jr., of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth Kublin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Miriam R. Best, J.), rendered February 23, 2015, convicting defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, and sentencing him to a term of three years' probation, unanimously affirmed.
Defendant's motion to dismiss the indictment on double jeopardy grounds was properly denied. We agree with Supreme Court's determination (46 Misc 3d 960 [Sup Ct, Bronx County 2014]) that defendant's prosecution by indictment for aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511) was not barred by double jeopardy protections, notwithstanding defendant's conviction of the lesser included offense of unlicensed operation (Vehicle and Traffic Law § 509), a traffic infraction, before the New York State Department of Motor Vehicles's Traffic Violations Bureau (which occurred, during the pendency of the indictment, upon defendant's default in answering the summons).
The administrative adjudication was not a criminal punishment that triggers the federal and state constitutional protections against multiple criminal punishments for the same offense (see Hudson v United States, 522 US 93, 99 [1997]). "A traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment" (Vehicle and Traffic Law § 155). Examination of the statutory scheme for punishing a violation of Vehicle and Traffic Law § 509 does not reveal the proof required to "override legislative intent and transform what has been denominated a civil remedy into a criminal penalty" (Hudson, 522 US at 100 [1997]).
Defendant's prosecution in the Supreme Court also was not barred by CPL 40.20(2), which states that a defendant "may not be separately prosecuted for two offenses based upon the same act or criminal transaction." Defendant was not "prosecuted" within the meaning of the statute when he was convicted before the Traffic Violations Bureau because he was charged by a summons, and not by an accusatory instrument filed in a "court of this state" (CPL 40.30[1]). This administrative agency is not a "criminal court" (CPL 10.10). Unlike the situation in a criminal court, traffic infractions may be established by "clear and convincing evidence," and only fines, but not imprisonment, may be imposed.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK