The People of the State of New York, Respondent, 
against
Christopher Cruz, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Dakota D. Ramseur, J. at motion to dismiss; Kim A. Wilson, J. at plea and sentencing), rendered July 9, 2014, convicting him, upon a plea of guilty, of aggravated failure to answer appearance tickets or pay fines, and imposing sentence.




Per Curiam.
Judgment of conviction (Dakota D. Ramseur, J. at motion to dismiss; Kim A. Wilson, J. at plea and sentencing), rendered July 9, 2014, affirmed.
The misdemeanor complaint was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of aggravated failure to answer appearance tickets or pay fines (see Vehicle and Traffic Law § 511-d). The instrument, including the certified abstract of defendant's driving record, recites that defendant was operating a motor vehicle on a public roadway and that a check of records of the Department of Motor Vehicles revealed that defendant "has in effect at least twenty or more suspensions on at least twenty or more dates for failure to answer, appear or pay a fine, in that defendant had sixty-four (64) suspensions on thirty-five (35) separate dates." Contrary to defendant's claim, the complaint specifically alleges that the suspensions remained "in effect." This fact is also supported by the abstract, which indicates if the suspensions were cleared by defendant's satisfaction of the judgment (see Vehicle and Traffic Law § 510 [suspensions remain in effect until appearance or payment of penalty]) and here, the vast majority of the suspensions were not cleared.
Defendant also claims that Vehicle and Traffic Law § 511-d is unconstitutional because it punishes the failure to pay fines without providing a mechanism to determine a person's ability to pay. He cites Bearden v Georgia, 461 US 660 (1983), in support of this claim. We find that contention unavailing. In Bearden, the Supreme Court held that due process requires a court to inquire into the reasons why a defendant failed to pay a fine or restitution when the failure to pay is the basis for the possible revocation of a defendant's probation.
In this case, defendant was not sentenced to any probation or fine. Rather, defendant pleaded guilty to the charged offense in exchange for a bargained for sentence of three days in prison to run concurrent to a parole violation in an unrelated case. Thus Bearden is inapposite. Any fines that defendant previously failed to pay were imposed, not by the court, but by the Department of Motor Vehicles. That agency is not a criminal court, the fines it imposed by it were not "penal or criminal punishment" (Vehicle and Traffic Law § 155; see People v Serrano, __ AD3d __, 2019 NY Slip Op 07337 [1st Dept 2019]), and Bearden has no application to such fines.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 22, 2019